UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SEAN ADAM ROGERS,<br><br>       Plaintiff,<br><br>v.<br><br>J. BUSH,<br>J. PIERON, and<br>M. TROUTEN,<br><br>       Defendants. | Case No. 20-11627<br>Honorable Laurie J. Michelson<br>Magistrate Judge Jonathan J.C. Grey |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [37] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [33]**

Sean Rogers is a prisoner in the custody of the Michigan Department of Corrections. He alleges that in September 2016, Jeremy Bush and John Pieron took away his yard time and personal property. He further alleges that in September 2016, he complained to Bush and Pieron about the poor conditions of his cell, but they denied his request to move to another cell. Rogers also alleges that when he grieved Bush and Pieron, Michael Trouten refused to process the grievances.

In March 2020, Rogers filed suit about these incidents. This Court referred all pretrial matters to Magistrate Judge Jonathan J.C. Grey. In time, Defendants moved to dismiss the case or, in the alternative, for summary judgment. (ECF No. 33.) On May 11, 2022, Magistrate Judge Grey issued a report and recommendation to grant Defendants' motion. (ECF No. 37.)

At the conclusion of his May 11, 2022 Report and Recommendation, Magistrate Judge Grey notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[i]f a party fails to timely file specific objections, any further right of appeal is waived." (ECF No. 37, PageID.208.) It is now July 14, 2022, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and ACCEPTS his recommended disposition. (ECF No. 37.) It follows that Defendants' motion (ECF No. 33) is GRANTED as follows: Rogers'

claims against Bush and Pieron for their conduct on September 16, 2016, is DISMISSED for failure to exhaust; Rogers' claims against Bush and Pieron for their conduct on September 21, 2016, is DISMISSED as untimely and, in the alternative, for failure to exhaust; and Rogers' claims against Trouton are DISMISSED as untimely and, in the alternative, for failure to exhaust.

    SO ORDERED.

    Dated: July 15, 2022

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE